Mr. Justice Olin
delivered the opinion of the court:
At the June term, 1875, of this court for the trial of criminal offenses Bernard May was indicted by a grand jury of this. District for causing the death of an infant child with which Tillie Donaldson was then pregnant, or, in other words, for causing an abortion, resulting in the death of the child.
The indictment sufficiently charges the offense, but concludes by saying the act was done against the peace and Government of the United States.
After the defendant’s fifteen pleas in abatement were disposed of adversely to him, he was tried on the plea of not guilty, and found guilty by the verdict of the jury November 9,1875.
Amotion was then made for a new trial upon grounds-stated in the moving papers. This motion was overruled by the presiding justice, and from that decision an appeal was. taken to this court in banc, under theprovisions of the statute; and, with the assent of the defendant, the execution of the- *513 sentence was postponed for the time limited in the statute. The defendant having failed to obtain the relief sought from the court in banc, the case was sent back before the court for the trial of crimes. Whereupon that court, June 8,1876, imposed upon the defendant a sentence of three years in the Albany penitentiary; and the cause is again before us on certain alleged errors and irregularities, the most important of which we will-notice.
1st. It is argued that, the sentence of the court not being pronounced at the same term at which the verdict was found by the jury, no sentence could be passed upon the defendant at any subsequent term of the court.
I believe we are all agreed that this proposition is. untenable. • Especially is this so when the delay in passing sentence is at the special instance and request of the defendant, which appears to be true in this case.
Further, we are of the opinion that the judge who tries a cause, and a verdict is found by the jury, if the judge, by accident, mistake, or design, should fail to pass sentence during the term of the court at which the verdict was found, he may do so at a subsequent term, and so may any other judge holding the same court. Weaver vs. The People, decided by the supreme court of Michigan, reported in the Am. Law Reg., Sept., 1876, p. 531.
2d. It is argued that the offense for which the defendant was indicted is simply a misdemeanor at common law. And, as I understand the argument, although he might be sentenced to three or four years’ confinement in the jail of this District, it was erroneous in the court to sentence him to imprisonment and labor in the Albany penitentiary.
This position, I think, also erroneous. There is no doubt but that at common law it was an indictable offense to destroy, or aid in destroying, an infant “ en ventre sa mere.”
I have found no statute of Maryland in force in this District, nor any act of Congress, limiting the term of imprisonment to the period of one year or under fór a misdemeanor of this kind. Undoubtedly for an offense of this kind the prisoner, by the rules of the common law, might have been sentenced to jail for a period of three years or more, and been fined in any amount in the discretion of the court. As I *514 understand the argument in this case, the alleged error of the justice who passed the sentence is not that he sentenced the prisoner to confinement for a longer period than the law allowed, but that he sentenced him to the Albany penitentiary, instead of the jail of this District. The answer to this position may be found in section 5546 of the Eevised Statutes of the United States, in pursuance of which the Attorney-General has designated the Albany penitentiary as a suitable jail for the confinement of prisoners.
■ The prisoner in this case was undoubtedly convicted and sentenced under and in pursuance of an act of the assembly of this District, passed January 19, 1872, entitled “An act for the prevention and punishment of abortion.” And the offense of which the defendant was found guilty was punishable “by penitentiary imprisonment for not less than three nor more than six years,” and be fined not exceeding $500. But it is argued that the legislative assembly of this District had no power to pass the act of January 19, before referred to. And this by reason of section 2 of the organic act creating the District government, page 2, Eevised Statutes of the District, which provides as follows :
“The District is created a. government by the name of the District of Columbia, by which name it is constituted a body corporate for municipal purposes, and may contract and be contracted with, sue and be sued, plead and beimpleaded, have a seal, and exercise all other powers of a municipal corporation; not inconsistent with the Constitution and laws of the United States and the prdvisions of this title.”
What were the precise limits of legislative power granted, or intended to be granted, by section 2, we think unnecessary to inquire, because the power granted is defined with great precision. Section 49 of the same act provides:
“The legislative power of the District shall extend to all rightful subjects of legislation within the District, consistent with the Constitution of the United States and the provisions of this title, subject to all the restrictions and limitations imposed upon States by the tenth section of the first article of the Constitution of the United States.”
Section 50 of the act provides that all acts of the legislative assembly shall be subject to repeal or modification by *515 Congress. And then sections 51-58 contain various restric tions limiting the power of this legislative assembly. It? none of these restrictions is the assembly prohibitéd front passing the law in question or any similar law.
This law of the legislative assembly has never been repealeo or modified by an act of Congress. It will therefore be seen that the legislative assembly might rightfully pass any law, subject only to the express limitations of the act creating it.
We think, therefore, the warden of the jail should be directed to transport the prisoner to the Albany penitentiary, to serve out the period of his sentence for three years, commencing on the 8th day of June, 1876.
A dissenting opinion was filed by Mr. Justice Humphreys.